Submitted May 28, 2009, Case Number A138180 reversed and remanded;
Case Number A138181 affirmed January 6, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT LEE ATES, III,
*Defendant-Appellant.*

Washington County Circuit Court
C071536CR, D073680M;
A138180 (Control), A138181

222 P3d 52

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

PER CURIAM

**PER CURIAM**

In this consolidated criminal appeal, defendant appeals a judgment of conviction for third-degree assault in Case Number A138180 and a judgment of conviction for one count each of fourth-degree assault, misdemeanor attempting to elude a police officer, and harassment in Case Number A138181.

On appeal, defendant advances three assignments of error, all of them pertaining to his third-degree assault conviction in Case Number A138180. In his first assignment, he contends that the trial court erroneously admitted certain evidence that connected defendant to the assault. In his second assignment, defendant asserts that the court erred in instructing the jury that defendant could be liable for third-degree assault on an aid-and-abet theory when it was the fact of his presence in aid of the principal that made the offense an assault in the third degree. In his third assignment, defendant asserts that the court should have instructed the jury that at least 10 of the jurors must agree on whether defendant was guilty as principal or as aider-abettor. The state concedes the point that defendant raises in his second assignment of error. We write only to address that assignment and agree with the parties that the trial court erred. *See State v. Merida-Medina*, 221 Or App 614, 619-20, 191 P3d 708 (2008), *rev den*, 345 Or 690 (2009) (holding that, "[b]ecause the aid of 'another person' is necessary for the crime [of third-degree assault] to occur, under ORS 161.165(2), the 'other' person is not deemed to be an accomplice in the third-degree assault" and concluding that the trial court erred in instructing the jury that it could find the defendant guilty of third-degree assault under an aid-and-abet theory).

Our conclusion renders defendant's third assignment—that the trial court erred in instructing the jury that it could convict defendant on a theory of either principal liability or accomplice (aid-and-abet) liability—a moot point.

Case Number A138180 reversed and remanded; Case Number A138181 affirmed.